# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3503
_____

Glenn Norris

*Plaintiff - Appellant*

v.

Kohler Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 22, 2021
Filed: November 8, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, GRUENDER and STRAS, Circuit Judges.
_____

PER CURIAM.

While working at Kohler, Glenn Norris sold insurance on the side. Once Kohler started receiving complaints that Norris used his supervisory position to pressure others to buy insurance, the company fired him. Norris claimed that race

played a role in the decision, but the district court[1] disagreed and granted summary judgment to the company. We affirm.

## I.

As a supervisor at Kohler, Norris had substantial authority. According to his co-workers, he used his position to push insurance. One said that Norris told her that she needed to "sign up so that she could sit in an office just like him." After receiving complaints about Norris's conduct, Kohler suspended and then fired him.

Several months later, Norris sued Kohler for, among other things, race discrimination. *See* 42 U.S.C. § 2000e *et seq.* The case ended once the district court decided to grant Kohler's motion for summary judgment.

## II.

"We review the district court's decision to grant summary judgment de novo." *Bharadwaj v. Mid Dakota Clinic*, 954 F.3d 1130, 1134 (8th Cir. 2020) (quotation marks omitted). "Summary judgment is appropriate when the evidence, viewed in a light most favorable to the nonmoving party, shows no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Id.* (quotation marks omitted).

With no direct evidence of racial discrimination, we evaluate Norris's race-discrimination claim under the *McDonnell Douglas* burden-shifting framework. *See id.* at 1134–35; *Beasley v. Warren Unilube, Inc.*, 933 F.3d 932, 937 (8th Cir. 2019). Even if we were to assume that Norris has established a prima-facie case of discrimination, Kohler has a "legitimate, nondiscriminatory" reason for the actions

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

it took: the multiple complaints it received about his workplace conduct. *Main v. Ozark Health, Inc.*, 959 F.3d 319, 324 (8th Cir. 2020). For two reasons, however, Norris believes that Kohler's explanation was just a pretext for racial discrimination. *See Beasley*, 933 F.3d at 938; *EEOC v. Prod. Fabricators, Inc.*, 763 F.3d 963, 970 (8th Cir. 2014).

The first reason is that Kohler allegedly treated other employees more favorably. *See Bharadwaj*, 954 F.3d at 1135. The problem with this theory, however, is that he does not "identify anyone else who 'engaged in the same conduct without any mitigating or distinguishing circumstances.'" *Id.* (quoting *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 606 (8th Cir. 2018)). Indeed, of those he identified, there is no evidence that any of them occupied a similar position, much less amassed multiple complaints. *See Torgerson v. City of Rochester*, 643 F.3d 1031, 1051 (8th Cir. 2011) (en banc) (describing the burden to identify a similarly situated individual as "rigorous").

The second reason lies with Kohler's explanation itself, which Norris believes was false. *See Bharadwaj*, 954 F.3d at 1135; *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 794 (8th Cir. 2011) (stating that if the *explanation* is false, it can "support a finding of pretext"). Although he attempts to poke holes in the allegations against him and attack the credibility of those who made them, there is no evidence that *Kohler* doubted that they were true. *Pulczinksi v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1003 (8th Cir. 2012) (pointing out that an explanation that turns out to be wrong supports a finding of discrimination only if "the employer did not truly believe" it). For that reason, Norris has not shown that "the circumstances permit a reasonable inference to be drawn" that Kohler terminated him "because of" his race. *Johnson v. AT&T Corp.*, 422 F.3d 756, 763 (8th Cir. 2005).

III.

We accordingly affirm the judgment of the district court.

_____